**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 99-4829

GERTRUDE BURDINE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CR-98-11)

Submitted: July 20, 2000

Decided: August 3, 2000

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gilbert K. Davis, William M. Stanley, DAVIS & STANLEY, L.L.C.,
Fairfax, Virginia, for Appellant. Robert P. Crouch, Jr., United States
Attorney, Rick A. Mountcastle, Assistant United States Attorney,
Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Gertrude Burdine pled guilty to mail fraud, see 18 U.S.C. § 1341 (1994), and received a sentence of twenty-one months imprisonment. She appeals her sentence, contending that the district court clearly erred in finding that the offense involved more than minimal planning, see U.S. Sentencing Guidelines Manual§ 2F1.1(b)(2)(A) (1998), and clearly erred in finding that the government did not breach the plea agreement by not moving for a substantial assistance departure. See USSG § 5K1.1, p.s. We affirm.

Between 1987 and 1991, Gertrude Burdine was part owner and an officer of Independent Home Medical Rentals, Inc. (IHMR), a medical company that, among other things, provided several kinds of oxygen delivery systems to miners claiming benefits from the Department of Labor (DOL) for black lung disease. Burdine's sister, Doris Jean McConnell, was president of IHMR. In 1995, Burdine left IHMR and soon afterward joined a similar company, Southern Air Home Equipment (SAHE), which was started by her daughter. At both companies, Burdine participated in billing the DOL for gaseous oxygen purportedly supplied to Black Lung claimants when oxygen concentrators, a less expensive means of oxygen delivery, had actually been supplied.

Under the terms of her plea agreement, Burdine was to be given an opportunity to provide substantial assistance. With the help of her two sisters, Jean McConnell and Betty Kilgore, she attempted to assist the government through controlled purchases of drugs. However, in November 1998, the government notified the defendants, including Burdine, that the controlled purchases had so far involved such small quantities of drugs that their efforts were unlikely to be deemed substantial assistance. The government encouraged the defendants to make further efforts. A similar letter was sent in February 1999,[1] but Burdine provided no further assistance.

_____

[1] This letter was misdated November 12, 1998.

2

Before sentencing, Burdine asked the district court to grant a downward departure for substantial assistance, alleging, first, that she had provided substantial assistance and, second, that the government had failed to give her a reasonable opportunity to render substantial assistance because it refused to provide funds for larger drug purchases, failed to pursue criminals she identified, and refused to monitor a drug purchase she arranged to make. Burdine also moved for specific performance of the plea agreement, arguing that the government had breached the agreement by not allowing her to provide substantial assistance.

At Burdine's sentencing in October 1999, the district court first found, over Burdine's objection, that her offense involved more than minimal planning. On appeal, Burdine challenges the district court's finding, arguing that each false monthly billing she submitted was merely opportune. Application Note 2 to USSG § 2F1.1 notes that "more than minimal planning" is defined in the commentary to USSG § 1B1.1. Application Note 1(f) to § 1B1.1 defines more than minimal planning as "more planning than is typical for commission of the offense in simple form . . . [and] is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." More than minimal planning "also exists if significant affirmative steps were taken to conceal the offense . . . ." Id.

In Burdine's view, she simply took advantage of an opportunity to defraud the DOL that was presented to her each month, thus committing the offense in a simple form, though multiple times. The district court's factual determination that an offense involved more than minimal planning is reviewed for clear error. See United States v. Pearce, 65 F.3d 22, 26 (4th Cir. 1995). We find that the district court did not clearly err in rejecting Burdine's argument. See United States v. Marcum, 16 F.3d 599, 603 (4th Cir. 1994) (repeated fraudulent acts over two years were not isolated incidents and demonstrated more than minimal planning); United States v. West, 942 F.2d 528, 531 (8th Cir. 1991) (almost any crime consisting of a pattern of activity over a long period of time would involve more than minimal planning).[2]

---

[2] Burdine suggests that the district court may have mistakenly believed that Burdine took steps to conceal her fraud, as he found that the McConnells did. However, the court's finding was not based on concealment by Burdine, nor does the record reveal any mistaken attribution to her of the McConnells' conduct.

Concerning Burdine's substantial assistance motion, the district court heard testimony from Burdine, Jean Kilgore, and investigators from the DOL, the Virginia State Police, the Southwest Virginia Regional Drug Task Force, and the Federal Bureau of Investigation. Burdine testified that she and her sisters could have bought larger quantities of drugs, but were limited by the amount of money the government agents agreed to provide for drug purchases. Virginia State Police Special Agent Timothy Price testified that he had a limit on the amount of prescription drugs the state would buy in a controlled purchases of prescription drugs. However, he also said that, in the two controlled purchases made by the defendants, the limit did not pose any problem. Special Agent Robert Givens of the Virginia State Police Drug Enforcement Division testified that Betty Kilgore told him several times that she could set up a large cocaine deal with a dealer from Kentucky, but did not.

Denying Burdine's motions for departure, the district court found that her plea agreement obligated the government to move for a departure if she provided substantial assistance, but that she had in fact given little assistance. The court also found that Burdine had neither produced credible evidence that she could have provided greater assistance which was prevented by the government's lack of cooperation, nor shown that the government refused to make a § 5K1.1 motion out of any unconstitutional motive. Finally, the court stated that, even if the government had moved for a substantial assistance departure, it would not have granted the motion because it did not believe that Burdine's assistance justified a departure. Having determined that Burdine's guideline range was 15-21 months, the court imposed a sentence of 21 months imprisonment.

When there is no plea agreement or the plea agreement does not obligate the government to move for a departure if the defendant provides substantial assistance, the district court may review the government's decision not to move for a departure only if the government's decision is based on an unconstitutional motive or is not related to a legitimate government purpose. See Wade v. United States, 504 U.S. 181, 185-86 (1992). If the government promises in the plea agreement that it will move for a departure in the event the defendant provides substantial assistance, and the defendant alleges that the government's refusal to make the motion is a breach of the agreement, the district court may consider whether a breach has occurred. See United States

4

v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991). The defendant bears the burden of proving by a preponderance of the evidence that the government has breached the agreement, i.e., that he has actually given "the degree of substantial assistance contemplated by the agreement." Id. The court's factual determination as to whether a breach occurred is reviewed under the clearly erroneous standard. See id.

Here, the district court determined that, even if the plea agreement obligated the government to move for a departure, no breach occurred because Burdine had not provided substantial assistance. The court also found that her failure to do so was not attributable to the government. We find that the court did not clearly err in so holding. In any case, the district court further held that it would not have departed even if it found that the government had breached the agreement and thus could be compelled to make a departure motion. That decision is not reviewable. See United States v. Bayerle , 898 F.2d 28, 31 (4th Cir. 1990).

During the pendency of this appeal, Burdine sent a letter to a judge of this court which we construe as a pro se motion to raise additional issues. We grant the motion but find no merit in her claims. Burdine first contends that her attorneys rendered ineffective assistance during plea negotiations and the guilty plea proceedings. This court does not review claims of ineffective assistance on direct appeal unless conclusive evidence of ineffectiveness appears on the face of the record. See United States v. Hoyle, 33 F.3d 415, 418-19 (4th Cir. 1994). Because the record does not conclusively establish ineffectiveness, Burdine's claims should be raised in a motion to vacate pursuant to 28 U.S.C.A. § 2255 (West Supp. 2000). See United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992). Burdine also asserts that her plea agreement provided that she would serve her sentence at the Federal Correctional Institution at Alderson, West Virginia. Our review of the agreement discloses no such provision. Under 18 U.S.C.A. § 3621(b) (West 1985 & Supp. 2000), the Bureau of Prisons designates the place of a prisoner's confinement.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5